IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00031 (WLS-TQL) |
| | : |
| BENJAMIN CHANDLER KEENE, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is an "Unopposed Motion for Continuance in the Interest of Justice" filed by Defendant Benjamin Keene on August 12, 2021. (Doc. 22.) Therein, Defendant Keene requests that the Court continue his case to the February 2022 trial term and to reschedule the pretrial conference set Wednesday, August 25, 2021. (*Id.*) Defendant Keene submits that he received discovery on July 14, 2021, and that his case should be continued because his "counsel needs additional time to investigate, research and discuss the government's case in chief" with him. (*Id.* at 2.) Defendant states that the Government does not oppose the motion. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that

the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Unopposed Motion for a Continuance (Doc. 22) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny Defendant continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the November 2021 trial term in Valdosta, Georgia, which begins November 8, 2021, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the November 2021 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The pretrial conference currently set for August 25, 2021 is **CONTINUED** and shall be **RESCHEDULED** for the November 2021 trial term in the Valdosta division of this Court and will be noticed by separate order of the Court.

**SO ORDERED**, this 20th day of August 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**